Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: nkanute@swlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC.; UNIVERSAL MUSIC CORP.; ALMO MUSIC CORP.; BLACK LAVA PRODUCTIONS, INCORPORATED d/b/a BLACK LAVA MUSIC; FIVE SUPERSTARS MUSIC; and LIT UP MUSIC; <br><br> Plaintiffs, <br><br> vs. <br><br> CVSM LLC d/b/a CENTERFOLDS CABARET; STEVE PAIK; CORY JACKSON; JOHN NELSON; DRAYTON NAY; and DOES I-X, inclusive; <br><br> Defendants. | Case No.  2:17-cv-01230 <br><br> **COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. **Schedule A**, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4.  The Plaintiffs named in Column 2* of Schedule A are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.  On information and belief, Defendant CVSM LLC d/b/a Centerfolds Cabaret ("CVSM") is a limited-liability company organized under the laws of the state of Nevada with offices at 4416 Paradise Road, Las Vegas, Nevada 89169.

6.  At all times hereinafter mentioned, CVSM did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Centerfolds Cabaret, located at 4416 Paradise Road, Las Vegas, Nevada 89169.

7.  Musical compositions were and are publicly performed at Centerfolds Cabaret.

8.  On information and belief, defendant Steve Paik ("Paik") is an individual who resides in Pennsylvania, but does business in this District. In particular, the website for the Nevada Secretary of State lists Mr. Paik as the owner and manager of CVSM, as well as its "Registered Agent" for service of process. As Registered Agent for CVSM, Mr. Paik lists an address of 4416 Paradise Road, Las Vegas, Nevada 89169.

9.  On information and belief, defendant Cory Jackson ("Jackson") is an individual who resides and/or does business in this District.

10. On information and belief, defendant Drayton Nay ("Nay") is an individual who resides and/or does business in this District.

11. On information and belief, defendant John Nelson ("Nelson") is an individual who resides and/or does business in this District.

12. Plaintiffs are unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does I through X, inclusive ("Does" and, together with CVSM, Paik, Jackson, Nay, and Nelson, the "Defendants"), and therefore sue said Defendants by such fictitious names. Plaintiffs pray for leave to insert said

---

∗ All references to "columns" herein refer to the numbered columns set forth in Schedule A.

- 2 -

4851-5282-3111

Defendants' true names and legal capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as Does is in some way legally responsible and liable for the events referred to herein.

13. On information and belief, at all times hereinafter mentioned, Paik, Jackson, Nay, and Nelson were, and still are, member, owners, and/or managers of CVSM.

14. At all times hereinafter mentioned, Paik, Jackson, Nay, and Nelson were, and still are, jointly responsible for the control, management, operation, and maintenance of the affairs of CVSM.

15. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Centerfolds Cabaret, including the right and ability to supervise and control the public performance of musical compositions at Centerfolds Cabaret.

16. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Centerfolds Cabaret.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

17. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

18. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

19. Since January 2015, ASCAP representatives have made more than 60 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Centerfolds Cabaret. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in

- 3 -

4851-5282-3111

person.

20. Despite ASCAP's representatives having communications with Defendants, or their representatives, agents, or employees regarding the need for Centerfolds Cabaret to obtain an ASCAP license, Defendants have refused all of ASCAP's license offers for Centerfolds Cabaret.

21. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Centerfolds Cabaret constitute copyright infringement of ASCAP's members' copyrights.

22. In addition to the various communications related to Centerfolds Cabaret, ASCAP's representatives have had communications with Paik, or his representatives, agents, or employees regarding the copyright infringement occurring in other establishments Paik owns.

23. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Centerfolds Cabaret, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

24. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

25. Each composition was published on the dates stated in Column 5, and since the date of publication has been printed and published in conformity with Title 17 of the United States Code.

26. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

27. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in

1  Column 3 by giving public performances of the compositions at Centerfolds Cabaret, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

28. The public performances at Centerfolds Cabaret of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

29. In undertaking the conduct complained of in this action, Defendants willfully, knowingly, and intentionally violated Plaintiffs' rights.

30. The many unauthorized performances at Centerfolds Cabaret include the performances of the four copyrighted musical compositions upon which this action is based.

31. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

32. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Centerfolds Cabaret, or at any place owned, controlled, managed, maintained, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c).

III.   That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.   For such other and further relief as may be just and equitable.

Dated: May 2, 2017                              SNELL & WILMER L.L.P.


By:/s/ Nathan G. Kanute
Nathan G. Kanute (NV Bar No. 12413)
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
*Attorneys for Plaintiffs*